# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JENKINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>L.A. MARTINEZ,<br><br>　　　　　Respondent. | Case No. 1:23-cv-01591-JLT-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 6, 2023, Petitioner filed the instant federal habeas petition in the United States District Court for the Northern District of California. (ECF No. 1.) On November 9, 2023, the petition was transferred to this Court. (ECF Nos. 7, 8.)

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, Petitioner challenges his 1998 Merced County conviction and sentence. (ECF No. 1 at 1.) Although Petitioner does not provide enough information to determine when direct review of his conviction became final, it appears that more than twenty years have passed since direct review of Petitioner's convictions has become final. Accordingly, the instant federal petition is untimely unless Petitioner establishes that statutory and/or equitable tolling is warranted.

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544

1  U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to
2  tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

3        Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days**
4  from the date of service of this order why the petition should not be dismissed as untimely.

5        Petitioner is forewarned that failure to follow this order may result in a recommendation
6  for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's
7  failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **December 7, 2023**

UNITED STATES MAGISTRATE JUDGE

3