# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JENKINS,<br><br>    Petitioner,<br><br>    v.<br><br>L.A. MARTINEZ,<br><br>    Respondent. | Case No. 1:23-cv-01591-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On September 26, 2023,[1] Petitioner constructively filed the instant federal habeas petition challenging his 1998 Merced County conviction and sentence in the United States District Court for the Northern District of California. (ECF No. 1.) On November 9, 2023, the petition was transferred to this Court. (ECF Nos. 7, 8.)

///

---

[1] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 8 at 2 n.2).

1

On December 7, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely. (ECF No. 13.) On January 2, 2024, Petitioner filed a response. (ECF No. 14.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Petitioner argues that under "a Newly Discovered Clause the petitioner has a legal right to file anything that he feels can now help him in a legal standard, that wasn't addressed at his trial, or dealing with a plea." (ECF No. 1 at 2.[2]) The court construes Petitioner's argument to be that he is entitled to a later commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D).

Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only "if vital facts could not have been known"' by the date the appellate process ended." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (quoting Schlueter v. Varner, 384 F3d. 69, 74 (3d Cir. 2004)). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital *facts*, regardless of when their *legal significance* is actually discovered." Ford, 683 F.3d at 1235 (emphasis added) (citing Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003)). Here, the claims raised in the petition are not dependent on newly discovered vital facts that could not have been known by the date the appellate process ended. In fact, Petitioner relies on the transcripts from his criminal proceeding to support his claims. (ECF No. 1 at 5.) Accordingly, § 2244(d)(1)(D) is not applicable.

///

---

[2] Page numbers refer to the ECF pagination stamped at the top of the page.

1    Based on the foregoing, § 2244(d)(1)(A) is applicable in the instant case. Petitioner
2 argues that the "Rules clearly state that any case must be presented to a federal court within the
3 1-year of filing a petition in the State Superior Court," and he filed his petition in the Merced
4 County Superior Court on October 28, 2022. (ECF No. at 14 at 3, 5, 13.) That is incorrect. The
5 limitation period begins to run on "the date on which the *judgment* became final by the
6 conclusion of *direct review* or the expiration of the time for seeking such review," 28 U.S.C.
7 § 2244(d)(1)(A) (emphasis added), not when a state habeas petition or application for collateral
8 review is filed. Although Petitioner does not provide enough information to determine when
9 direct review of his conviction became final, Petitioner was sentenced in 1998 and it appears that
10 more than twenty years have passed since direct review of Petitioner's convictions became final.
11 Accordingly, the instant federal petition is untimely unless Petitioner establishes that statutory
12 and/or equitable tolling is warranted.

13    **B.  Statutory Tolling**

14    The "time during which a properly filed application for State post-conviction or other
15 collateral review with respect to the pertinent judgment or claim is pending shall not be counted
16 toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In the instant case, Petitioner
17 filed state habeas petitions in the superior court, appellate court, and the California Supreme
18 Court in 2022 and 2023. However, the limitation period expired before Petitioner filed any of his
19 post-conviction collateral challenges, and § 2244(d) "does not permit the reinitiation of the
20 limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321
21 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner has not established that statutory tolling is
22 applicable, and the instant federal petition is untimely unless Petitioner demonstrates that
23 equitable tolling is warranted.

24    **C.  Equitable Tolling**

25    The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1)
26 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
27 stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010)
28 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging

facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, Petitioner alleges that he has undergone mental health treatment and that for many years he has been taking multiple medications to help him with post-traumatic stress disorder. (ECF No. 14 at 3.)

In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit held that "eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test":

> (1) *First,* a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, *see Holland*, 130 S. Ct. at 2562, by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> >
> > (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second,* the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. *See id.*

Bills, 628 F.3d at 1099–1100 (footnote omitted). Here, Petitioner has not made a showing that his mental impairment was so severe that he was unable rationally or factually to personally understand the need to timely file or that his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 1, 2024**

UNITED STATES MAGISTRATE JUDGE