**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| ALONZO JENKINS,<br><br>        Petitioner,<br><br>    v.<br><br>L.A. MARTINEZ,<br><br>        Respondent. | Case No. 1:23-cv-01591 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 15) |
|---|---|

Alonzo Jenkins is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The magistrate judge observed, "Petitioner was sentenced in 1998 and it appears that more than twenty years have passed since direct review of Petitioner's convictions became final." (Doc. 15 at 4.) In addition, the magistrate judge determined Petitioner did not show the petition was subject to statutory or equitable tolling. (*Id.* at 4-5.) Therefore, the magistrate judge found the petition was untimely and recommended it be dismissed. (*Id.* at 5.)

The Court served the Findings and Recommendations on Petition and notified him that any objections were due within 30 days. (Doc. 15 at 5.) The Court advised Petitioner the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 6, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

1

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court must address whether a certificate of appealability should issue.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In the present case, reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 1, 2024 (Doc. 15) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to close the case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 19, 2024**

UNITED STATES DISTRICT JUDGE

2